# UNITED STATES DISTRICT COURT
for the

Southern District of California

| | |
|---|---|
| United States of America<br>v.<br>CESAR ALFREDO MEZA-GARCIA (1) | )<br>)<br>)<br>) Case No: 12cr2414-WQH<br>) USM No: |
| Date of Original Judgment: 04/09/2015<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>) John David Kirby<br>) *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant was sentenced to a below-guidelines sentence of 300 months in the custody of the Bureau of Prisons for conspiracy to distribute methamphetamine and cocaine in violation of 18 U.S.C. sections 841 and 846. In his plea agreement, Defendant agreed that, in furtherance of the conspiracy, Defendant ordered a murder in Mexico. At sentencing, the Court found that Defendant was a leader/organizer and had a Guidelines range of life in prison. The Court departed downward to impose a 300-month custodial sentence. Defendant moves for a sentence reduction because he has no criminal history points. The Court finds that USSG § 4C1.1, as amended by Amendment 821, does not apply to Defendant because he used "violence or credible threats of violence in connection with the offense" and received an adjustment for aggravating role. See USSG § 4C1.1(a)(3), (10). Moreover, even if 4C1.1 applied, no reduction in sentence would be warranted because the 300-month sentence received by Defendant was lower than the lowest end of the resulting amended Guidelines range. See USSG § 1B1.10(b)(2)(A). Even if a sentence reduction were not prohibited by the Guidelines, the Court would decline to reduce Defendant's sentence because, although Defendant had no prior criminal history and his post-conviction activities highlighted in the motion are commendable, the Court finds that the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense under 18 U.S.C. §3553(a) continues to support the sentence imposed. The 300-month sentence is sufficient but not greater than necessary to comply with the purposes set forth in section 3553. The Motion for Reduced Sentence is denied. (ECF No. 720.)

Except as otherwise provided, all provisions of the judgment dated   04/09/2015   shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 03/28/2024

*Judge's signature:* William Q. Hayes

Effective Date: _____
*(if different from order date)*

Hon. William Q. Hayes, U.S. District Judge
*Printed name and title*